IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM SCOTT CARSON AND
THE ESTATE OF EARLE NATHAN DOYLE,

OPINION and ORDER

               Plaintiffs,

08-cv-095-bbc

    v.

FLEXIBLE FOAM PRODUCTS, INC.,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This civil suit for patent infringement is before the court on defendant Flexible Foam Products, Inc.'s motion to transfer venue to the Northern District of Ohio under 28 U.S.C. § 1404(a). Defendant argues that plaintiffs William Scott Carson and The Estate of Earle Nathan Doyle have no connection to the Western District of Wisconsin and have chosen this district solely for the speed of its docket. Although docket speed is not an improper reason for choosing a particular judicial district, in this case plaintiffs' lack of connection to this district and defendant's close connection to the Northern District of Ohio tip the balance in favor of a change of venue. Therefore, I will grant defendant's motion.

      From the complaint and the documents submitted by the parties in connection with

1

the pending motion, I draw the following facts, solely for the purpose of deciding this motion.

## FACTS

Plaintiff William Scott Carson is one of the inventors and an owner of the patent in suit and a resident of California. Plaintiff The Estate of Earle Nathan Doyle is a co-owner of the patent in suit and is located in Texas.

Defendant Flexible Foam Products, Inc. has its principal place of business in Spencerville, Ohio. It has ten facilities in nine states that use the accused NovaFlex® equipment; one of these is located in the Western District of Wisconsin. Defendant's executive officers reside in and around Spencerville. The vast majority of documents relevant to this case are located at defendant's headquarters in Spencerville.

Plaintiffs' patent will expire in November 2009.

## OPINION

Section 1400(b) of Chapter 28 of the United States Code authorizes litigants to bring suits for patent infringement in the judicial district "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." "[F]or purposes of venue . . . a defendant that is a corporation shall be deemed

2

to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391. It is undisputed that defendant "committed acts of infringement" in this district. Therefore, the case is properly venued here.

Nevertheless, a lawsuit that is properly venued under § 1400(b) may be transferred to another district that is more convenient to the parties. 28 U.S.C. § 1404(a). A party seeking such a transfer bears the burden of establishing that the proposed transferee forum is "clearly more convenient." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). When weighing the motion, a court must decide whether the transfer will serve the convenience of the parties and witnesses and promote the interests of justice. 28 U.S.C. 1404(a); Coffey, 796 F.2d at 219-20; Roberts & Schaefer Co. v. Merit Contracting, Inc., 99 F.3d 248, 254 (7th Cir. 1996) (question is whether plaintiff's interest in choosing forum is outweighed by either convenience concerns of parties and witnesses or interest of justice).

Appropriate factors to consider when making this determination include the situs of material events, ease of access to sources of proof and the plaintiff's choice of forum. Harley-Davidson, Inc. v. Columbia Tristar Home Video, 851 F. Supp. 1265, 1269 (E.D. Wis. 1994); Kinney v. Anchorlock Corp., 736 F. Supp. 818, 829 (N.D. Ill. 1990). "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system," Coffey, 796 F.2d at 221, such as whether a transfer would help the litigants receive a speedy trial and whether a transfer would facilitate

3

consolidation of related cases. Id.

Plaintiffs contends that their choice of forum should be entitled to great deference, but this is true only when a plaintiff is litigating in his home forum. When he chooses to litigate elsewhere, the selection does not receive the same degree of deference. Chicago, Rock Island & Pacific Railroad Co. v. Igoe, 220 F.2d 299, 304 (7th Cir. 1955) (plaintiff's choice of forum given less deference if few operative facts occurred in that forum).

In this case, the Northern District of Ohio is a district in which the case could have been brought originally; both subject matter and personal jurisdiction would exist there. A transfer would serve the convenience of defendant, whose office is located in the Northern District of Ohio. A nearby trial would be less disruptive of defendant's operations than a trial in Wisconsin because defendant's corporate witnesses would not be away from their work as long. On the other hand, plaintiffs and their representatives will have to travel long distances, whether the trial is held in Ohio or in Wisconsin.

In some cases, but not in this one, the situs of material events is a factor. The documents relevant to the issue of patent infringement may be in Ohio but they are easily transported, either in boxes or electronically. To the extent that the location of the allegedly infringing equipment will play any role in the determination of the case, the equipment is present in both judicial districts.

Transferring the case to the Northern District of Ohio will not undermine judicial

4

economy. The case has been in this district only since February 11, 2008. Although the case has a firm trial date of April 27, 2009, it is likely that the Northern District of Ohio can set a trial date in or near the same time period. Even if it cannot, I am not persuaded that plaintiffs' expressed need for a relatively quick trial date outweighs defendant's interest in trying the case in its own district. As much as plaintiffs want to have the case completed before their patent expires, this case would not be resolved more than five to six months before the expiration date, under the best of circumstances. Moreover, it is difficult for plaintiffs to argue convincingly that speed is crucial when they waited as long as they did to bring suit against defendant. Finally, as defendant points out, plaintiffs have no claim for injunctive relief. They can be compensated for their monetary damages at any time, whether their patent is still in force or not.

I conclude that most of the factors to be considered in ruling on a motion for a change of venue are a wash. However, the convenience to defendant in trying the case in its own district outweighs any interest plaintiffs have identified for trying the case in this district and the interests of justice can be served by trial in either district.

ORDER

IT IS ORDERED that the motion for a transfer of venue filed by defendant Flexible Foam Products, Inc. is GRANTED. The clerk of court is directed to transmit the case file

to the United States District Court for the Northern District of Ohio, Western Division.

Entered this 22nd day of April, 2008.

                        BY THE COURT:

                        /s/

                        _____
                        BARBARA B. CRABB
                        District Judge